2045363

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Case No. _____

**State Case No. 20-CA-008563**

EDBERTO NUNEZ,

  Plaintiff,

v.

GARETT OSWALD; and TARGET CORPORATION,

  Defendant.

_____/

## **TARGET CORPORATION'S NOTICE OF/PETITION FOR REMOVAL**

COMES NOW, the Defendant, TARGET CORPORATION, ("Target"), by and through the undersigned counsel, pursuant to 28 U.S.C. §1332, 1441 and 1446, hereby removes this lawsuit from the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. The grounds for removal are as follows:

    I.    **INTRODUCTION**

The Plaintiff filed this negligence action on October 30, 2020 in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida arising out of an incident, which occurred on January 1, 2018. The Plaintiff served the Complaint on Target on November 3, 2020. Target removes this case invoking the Court's diversity jurisdiction under 28 U.S.C. §1332.

CASE NO. _____

## II.   GROUNDS FOR REMOVAL

The Court has original jurisdiction over this action under 28 U.S.C. §1332 (a)(1)[1] This action is removable under 28 U.S.C. §1441(a)[2], in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## III.   DIVERSITY JURISDICTION

### A.   There is complete diversity among the legitimate parties.

1.   Plaintiff, a natural person, is a domiciliary and resident citizen of Riverview, Florida.

A person's domicile is the place of "his true, fixed, and permanent home and principle establishment and to which he has the intention of returning whenever he is absent therefrom. *McCormick v. Aderholt,* 293 F.3d 1254 (11th Cir. 2002); *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974); *Stine v. Moore*, 213 F.2d 446 (5th Cir. 1954). When determining domicile of a natural person many factors can be considered to include but not limited ownership of real property or where a person's physicians are located. See *McCormick v. Aderholt,* 293 F.3d 1258.

---

[1] The relevant portions of 28 U.S.C. §1332 provide:

(a)   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
   (1)   citizens of different States;
28 U.S.C. §1332.

[2] The relevant portions of 28 U.S.C. §1441 provide:

(a)   Generally.
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States or the district and division embracing the place where such action is pending.
28 U.S.C. §1441.

CASE NO. _____

In this case, Plaintiff is the record title owner of a parcel of real property located at 7533 Forest Mere Drive, Riverview, FL (the "Forest Mere Address") as evidenced by that certain Special Warranty Deed recorded in the Hillsborough County Public Records at OR Book 1087, Pages 1087-88. A true and accurate copy of the Special Warranty Deed is attached hereto **as Exhibit "A."** In addition, Plaintiff provided the Forest Mere Address to multiple medical providers after the subject accident occurred to include Hillsborough County Fire Rescue, Brandon Regional Hospital, and Florida Eye Specialists and Cataract Institute. As a whole, the Forest Mere Address of which Plaintiff is the record title owner combined with the fact that Plaintiff provided this very address on multiple occasions seeking medical attention demonstrates Plaintiff's intent of returning to this address whenever he is absent therefrom. See *McCormick*, 293 F.3d 1254, (11th Circuit 2002). Based on the above, Plaintiff had a clear intent of being a Florida resident citizen.

2. Defendant, Target, is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota. Accordingly, Target is a citizen of Minnesota for purposes of diversity jurisdiction. 28 U.S.C. §1332(c)(1).

3. Defendant Garett Oswald ("Oswald") is a resident and citizen of the state of Florida. However, Oswald was "fraudulently joined," because Plaintiff has not and cannot state a cognizable claim against Oswald. Where there is fraudulent joinder, the district court disregards the citizenship of a non-diverse defendant where plaintiff has not stated a valid cause of action against the non-diverse defendant. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir.2001); *see also, Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998).

CASE NO. _____

Defendant Oswald is alleged to have been the "the Store Manager and/or Night Manager at TARGET Store number 2235 located at 10150 Bloomingdale Ave, Riverview, FL 33578-3612 (Complaint, ¶4). Plaintiff alleges that Oswald owed Plaintiff a

> duty to warn patrons that the Clorox Bleach bottles were sold with spray trigger caps which were not properly affixed the bleach bottle itself; failed to instruct the employees of Target who placed the items on the shelf for purposes of sale to assure that the spray trigger caps were properly affixed to the bottles and did not constitute a hazard of spraying into customers faces; and failure to properly train employees to check the bottles before placing the Clorox Bleach bottles on display for purposes of purchase.

(Complaint, ¶ 11). Plaintiff asserts these alleged duties without pleading a legal and/or factual basis for the same. Specifically, Plaintiff has not and cannot alleged that the spray trigger caps on the subject Clorox Bleach bottles had previously detached from its base or otherwise a propensity to become dislodged. Absent allegation of notice of a propensity to become detached or otherwise disengaged from its base, there is no legal and/or factual basis to impose a duty on Target let alone Oswald to check the caps or tops on the thousands of products throughout its retail store. To impose such a duty would exceed the bounds of reason. Against this backdrop, it is not surprising that the undersigned could not identify one single case to present to the Court where such a duty was imposed on a retail business owner let alone a store manager. Because not such duty can be supported in law or fact, any alleged breach is likewise absent of merit. For these reasons, Plaintiff has not and cannot state a cognizable claim against Oswald.

CASE NO. _____

### B.     The Amount in Controversy Exceeds $75,000.

While the removing Defendant has the burden of demonstrating that there is an amount in controversy greater than $75,000, the "preponderance of the evidence" standard governs. 28 U.S.C. 1446 (c) (2). Under the preponderance of evidence standard, Defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). In determining the amount in controversy, the court should look to the Complaint. *Id.* If the amount is unavailable from the complaint alone, the court can look at the notice of removal and other evidence relevant to the amount in controversy at the time the case was removed, including evidence submitted in response to a motion to remand. *Id.*

Settlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party and considered by courts for purposes of determining whether diversity jurisdiction exists. *AAA Aubachman Enters, Inc. v. Stanley Steemer*, 268 Fed.Appx. 864 (11th Cir. 2008); *Fischer v. State Farm Mut. Auto Ins. Co.*, 2011 WL573836 (S.D. Fla. 2011). In fact, some courts have found demand letters to be "legally certain evidence" that the amount in controversy meets federal jurisdictional requirements. *Bowen v. State Farm Mut. Auto Ins. Co.*, 2010 WL1257470 (M.D. Fla. 2010); *Lazo v. U.S. Airways, Inc.*, 2008 WL3926430 (S.D. Fla. 2008).

In *Bowen v. State Farm*, 2010 WL1257470, The United States District Court for the Middle District of Florida held that Defendant met its jurisdictional burden of establishing an amount in controversy in excess of $75,000. In *Bowen*, Plaintiff was only entitled to recover $20,012.45 of past medical bills, which was the amount, actually paid by Medicare. However,

5

CASE NO. _____

after reviewing additional facts to include (1) the demand for the policy limits of $100,000, (2) allegations of permanent bodily injury to include a 20% physical impairment, daily seizures and brain damage, and (3) request for recovery of pain and suffering, loss of earnings, mental anguish, loss of ability to earn money and the loss of enjoyment of life, the Court held that Defendant had still met its burden of establishing by the preponderance of the evidence an amount in controversy in excess of $75,000.

In this case, the amount in controversy is unavailable from the Complaint that was filed in state court. However, the complaint does reveal that Plaintiff is seeking damages for bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, activation of a latent defect, permanent aggravation of a previously existing condition, loss of capacity for the enjoyment of life, expense of hospitalization, surgical treatment, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money – which are noted as either permanent or continuing. The Complaint also indicated that Plaintiff will suffer the losses in the future. However, this Court need not look further than Plaintiff's September 25, 2019 Demand Letter to determine that the amount in controversy exceeds $75,000 based on the Plaintiff's demand for $150,000. This evidence clearly demonstrates that Defendant has met the jurisdictional burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**IV.     THE PETITION FOR REMOVAL IS TIMELY**

Plaintiff filed the complaint on December 30, 2020. Defendant first received notice of the complaint upon its receipt of service of process on November 3, 2020. This Notice of Removal, therefore, has been timely filed within 30 days of that date. See 28 U.S.C. § 1446(b).

CASE NO. _____

## V. NOTICE HAS BEEN GIVEN AND STATE COURT PAPERS HAVE BEEN FILED

28 U.S.C. §1446(a) requires that a copy of all process, pleadings, orders and other papers or exhibits on file in the circuit court be attached to this Notice. As of the filing of this Notice, the circuit court file is attached hereto as Composite **Exhibit B**, including the following documents and papers:

- Circuit Court Docket Report;
- Civil Cover Sheet;
- Complaint;
- Request to produce to Target;
- Interrogatories to Target;
- Request to produce to Oswald;
- Interrogatories to Oswald;
- Summons to Target Corporation;
- Summons to Oswald;
- Return of Summons Target Corporation;
- Return of Summons to Oswald;

In addition, Target is contemporaneously filing a copy of this Notice with the Clerk of the 13th Judicial Circuit in and for Hillsborough County, Florida, as required by 28 U.S.C. §1446(d), and will give notice to all parties of this Notice of Removal. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit C**.

CASE NO. _____

## VI. **CONSENT OF ALL DEFENDANTS**

Target is the only Defendant properly joined and thus no other consent is necessary. Notwithstanding, the undersigned represents Oswald who consents to removal.

## VII. **CONCLUSION**

Because this civil action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

DATED: November 23, 2020

Respectfully submitted,

   /s/ Nicole F. Soto   
Nicole F. Soto, Esquire
Florida Bar No.: 29845
nsoto@conroysimberg.com
Conroy Simberg
201 East Kennedy Blvd., Suite 900
Tampa, FL 33602
(813) 273-6464
(813) 273-6465
Attorney for Defendants

CASE NO. _____

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

   /s/ Nicole F. Soto
Nicole F. Soto, Esquire
Florida Bar No.: 29845
nsoto@conroysimberg.com
Conroy Simberg
201 East Kennedy Blvd., Suite 900
Tampa, FL 33602
(813) 273-6464
(813) 273-6465
Attorney for Defendants

## SERVICE LIST

NUNEZ, EDBERTO V. TARGET CORPORATION and OSWALD, GARETT
Case No. _____
United States District Court, Middle District of Florida

Timothy F. Prugh, Esquire
Prugh & Associates
1009 West Platt Street
Tampa, FL 33606
Attorney for Plaintiff

Served via electronic mail
prugh.efile@prughlaw.com;
bibi@prughlaw.com