Filing # 115932016 E-Filed 10/30/2020 04:56:35 PM

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION**

EDBERTO NUNEZ,                               CASE NO.:
                                             DIVISION:
    Plaintiff,

v.

TARGET CORPORATION, a foreign corporation
and GARETT OSWALD,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL

The Plaintiff, EDBERTO NUNEZ, by and through his undersigned attorney, hereby sue the Defendants, TARGET CORPORATION and GARETT OSWALD, and states:

1. That this is an action for damages in excess of Thirty Thousand Dollars ($30,000.00).

2. That at all times material hereto, the Defendant, TARGET CORPORATION was a corporation authorized to do and doing business in Hillsborough County, Florida.

3. That on or about January 1, 2018, the Defendant, TARGET CORPORATION was the owner and operator of store #2235 located at 10150 Bloomingdale Ave, Riverview, Hillsborough County, Florida.

4. That at all times material hereto, the Defendant, GARETT OSWALD, was the Store Manager and/or Night Manager at TARGET Store number 2235 located at 10150 Bloomingdale Ave, Riverview, FL 33578-3612,

1

Hillsborough County, Florida.

5. That at the aforesaid time and place, the Plaintiff, EDBERTO NUNEZ, was a business invitee on said premises which was held open to the public and said Plaintiff had gone into the premises for the purpose of shopping and in particular to purchase cleaning supplies.

6. That at the above described time and place, the Defendants, TARGET CORPORATION and GARETT OSWALD, had a duty to its patrons in general and to the Plaintiff, EDBERTO NUNEZ, in particular, to maintain its premises in a reasonably safe condition and to discover and eliminate hazards which existed in and around the premises.

7. That the Defendants, TARGET CORPORATION and GARETT OSWALD, breached this duty to use reasonable care to the Plaintiff, EDBERTO NUNEZ, and failed to use reasonable care in several particulars.

8. When the Plaintiff, EDBERTO NUNEZ, went into the store to purchase cleaning supplies he reached for a bottle of Clorox bleach that was on the shelf for purchase not knowing that at the time that he reached for the bottle of Clorox Bleach the spray trigger cap connected to the bottle of bleach itself was not secured properly to the bleach and as a result of the same, the spray trigger cap became detached from the bottle and bleach itself exploded and caused the bleach to spray directly into his face and eyes.

9. When the bleach bottle and handle separated the Clorox Bleach spilled out of the bottle thereby causing the liquid bleach to explode into his face and eyes causing serious damages.

2

10. The Plaintiff, EDBERTO NUNEZ, has had tremendous problems with his eyesight since the incident and has developed scarring of the cornea as well as conjunctiva.

11. The Night Manager, GARETT OSWALD, had a duties to business invitees inside the Store which included:

    a. A duty to warn patrons that the Clorox Bleach bottles were sold with spray trigger caps which were not properly affixed the bleach bottle itself.

    b. Failed to instruct the employees of Target who placed the items on the shelf for purposes of sale to assure that the spray trigger caps were properly affixed to the bottles and did not constitute a hazard of spraying into customers faces.

    c. Failure to properly train employees to check the bottles before placing the Clorox Bleach bottles on display for purposes of purchase.

12. As owner of the premises, the TARGET CORPORATION, failed to use reasonable care in the following particulars:

    a. The Defendant, TARGET CORPORATION, placed the Clorox Bleach product on the shelf for sale and had no proper procedure to check the Clorox Bleach bottles to assure that the spray trigger caps were properly affixed to the bottles and did not constitute a dangerous hazard to members of the public who were going to purchase the Clorox Bleach;

3

    b.    The Defendant, TARGET CORPORATION, failed to have a procedure that was in place for their employees to make sure that the Bleach and the spray handles were properly secured so that invitees who were attempting to purchase their merchandise would not be severally injured by picking the items from the shelf with a spray trigger cap that was not properly affixed to the bottle.

    c.    The Defendant, TARGET CORPORATION, failed to have a training program for their employees in the proper procedure for checking the Clorox Bleach products before placing them on the shelves and making sure that the bleach product handles were properly secured to the bottles themselves prior to being placed on shelves to be purchased by the customer.

**COUNT I**
**NEGLIGENCE OF TARGET CORPORATION**

13. The Plaintiffs, EDBERTO NUNEZ, reiterates and realleges all of the allegations contained in paragraphs 1 through 12 of this Complaint as though restated herein.

14. As a direct and proximate result of the negligence of the Defendants, TARGET CORPORATION and GARETT OSWALD, the Plaintiff, EDBERTO NUNEZ, developed significant and permanent scarring of his cornea and as a direct and proximate result of the Defendant, TARGET CORPORATION, the Plaintiff, EDBERTO NUNEZ, has suffered in the past and

4

will continue to suffer in the future the following damages:

    a.    permanent personal injuries within a reasonable degree of medical probability;

    b.    pain and suffering;

    c.    disability;

    d.    disfigurement;

    e.    mental anguish;

    f.    loss of capacity for the enjoyment of life;

    g.    loss of earnings, past, present, and future;

    h.    loss of earning capacity;

    i.    medical expenses for the care and treatment of her injuries;

    j.    costs related to diagnostic testing;

    k.    aggravation of a pre-existing condition.

WHEREFORE, the Plaintiff, EDBERTO NUNEZ, demands judgment against the Defendant, TARGET CORPORATION for damages, post-judgment interest, costs of these proceedings, and further demands a trial by jury on all issues so triable.

### COUNT II
### NEGLIGENCE AGAINST GARETT OSWORLD

15.    The Plaintiff, EDBERTO NUNEZ, reiterates and realleges all of the allegations contained in paragraphs 1 through 12, of this Complaint as though restated herein.

16.    That all times material hereto, the Defendant, GARRETT OSWALD, was a resident of Hillsborough County, Florida and was in the course and

5

scope of his employment for the Defendant, TARGET Corporation.

17. The Defendant, GARRETT OSWALD, was the Night Manger on duty at the time the incident occurred with the customer/Plaintiff, EDBERTO NUNEZ.

18. The Defendant, GARRETT OSWALD, was negligent and failed to use reasonable care in the following particulars:

    a. Failed to warn the Plaintiff, EDBERTO NUNEZ, that the bottles of bleach needed to be checked before they were purchased from the shelf to assure that the spray mechanism was properly secured to the bottle of bleach needed to be checked before they were purchased from the shelf to assure that the spray mechanism on top of the bottle was properly secured to the bottle itself.

    b. Failed to instruct his employees that the bottles of bleach that were put on the shelves had to be checked to make sure that the spray mechanism was properly affixed to the bottle of bleach itself.

19. That as a direct and proximate result of the negligence of the Defendant, GARETT OSWALD, in his capacity as the Store Manager of TARGET Store #2235, the Plaintiff, EDBERTO NUNEZ, has suffered in the past and will continue to suffer in the future the following damages:

    a. permanent personal injuries within a reasonable degree of medical probability;

b. pain and suffering;

c. disability;

d. disfigurement;

e. mental anguish;

f. loss of capacity for the enjoyment of life;

g. loss of earnings, past, present, and future;

h. loss of earning capacity;

i. medical expenses for the care and treatment of his injuries;

j. costs related to diagnostic testing;

k. aggravation of a pre-existing condition.

WHEREFORE, the Plaintiff, EDBERTO NUNEZ, demands judgment against the Defendant, GARETT OSWALD, for damages, post-judgment interest, costs of these proceedings, and further demands a trial by jury on all issues so triable.

*[signature]*
TIMOTHY F. PRUGH, ESQUIRE
PRUGH & ASSOCIATES, P.A.
1009 West Platt Street
Tampa, Florida  33606
(813) 251-3548
(813) 251-5809, fax
Florida Bar Number:  138714
Attorney for Plaintiff

7